IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ADAM HILL**                                                                                         **PLAINTIFF**
**ADC #601559**

V.                              NO. 4:23-cv-00155-KGB-ERE

**DEXTER PAYNE,** *et al.*                                                           **DEFENDANTS**

## ORDER

Plaintiff Adam Hill, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit *pro se* under 42 U.S.C. § 1983. *Doc. 2*. Mr. Hill's 27-page complaint contains 132 pages of attachments, names 30 Defendants, and complains about multiple factually unrelated incidents spanning a two-year period.[1]

The Court has reviewed Mr. Hill's complaint, as required by the Prison Litigation Reform Act ("PLRA").[2] 28 U.S.C. § 1915A(a). Based on a review of Mr. Hill's allegations, for screening purposes, Mr. Hill has stated a plausible claim that Defendants Stringfello, Horan, Parsons, Hoffman, Huff, Whitfield, Dukes, Pitts,

---

[1] See Recommendation filed with this Order, at 3-5 (describing 17 different claims contained in Mr. Hill's complaint).

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

Wombly, WellPath, and Anderson[3] were deliberately indifferent to Mr. Hill's dental needs. Accordingly, service is proper for those claims.

As explained in a separately filed Recommendation, I have recommended to District Judge Kristine G. Baker that all remaining claims be dismissed.

IT IS THEREFORE ORDERED THAT:

1. The Clerk is instructed to prepare summonses for Defendants Horan and Huff.

2. The United States Marshal is directed to serve Defendants Horan and Huff with a summons and a copy of the complaint (with any attachments) (*Doc. 2*), without requiring prepayment of fees and costs or security. Service for these Defendants should be attempted through the ADC Compliance Division, P.O. Box 20550, Pine Bluff, Arkansas 71612.

3. The Court will address service of the remaining Defendants by separate Order.

Dated this 6th day of March, 2023.

_____
UNITED STATES MAGISTRATE JUDGE

---

[3] Mr. Hill identifies this Defendant as an outside oral surgeon. *Doc. 2 at 8*.